UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP WAHATALO,<br>    *Plaintiff*, | )   3:23-CV-658 (SVN)<br>)<br>) |
| v. | )<br>) |
| OFFICER TIMOTHY BEGLEY,<br>    *Defendant*. | )<br>)   June 17, 2024 |

**ORDER ON MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

In this civil rights action, *pro se* Plaintiff Philip Wahatalo alleges that Defendant Rocky Hill Police Officer Timothy Begley violated Plaintiff's rights when arresting Plaintiff for various traffic violations on September 9, 2022. Compl., ECF No. 1 at 1–3. Plaintiff eventually pleaded guilty to reckless driving on September 21, 2023. Plea Hr'g Tr., ECF No. 34-1 at 4.[1] While Plaintiff has not asserted specific causes of actions, the Court liberally interprets his complaint to bring three claims under 42. U.S.C. § 1983: (1) false arrest; (2) malicious prosecution; and (3) Fourteenth Amendment equal protection.

Defendant has moved to dismiss Plaintiff's complaint for failure to state a claim and on qualified immunity grounds. For the reasons that follow, the Court agrees with Defendant that Plaintiff has failed to state a claim for relief, and therefore need not reach Defendant's qualified immunity argument. Thus, Plaintiff's complaint is DISMISSED. An amended claim based on malicious prosecution or false arrest concerning certain of Plaintiff's charges discussed in this ruling would be futile, leave to amend will not be granted as to such claims. As to Plaintiff's equal

---

[1] The Court takes judicial notice of the transcript of the hearing wherein Plaintiff entered a guilty plea for the charge of reckless driving, as it is a matter of public record. *See Christian v. Kelly*, 14-CV-7416 (PKC) (SMG), 2016 WL 3162056, at *2 n.2 (E.D.N.Y. June 3, 2016) (taking judicial notice of transcript of guilty plea); *see also Smith v. Rossini*, 19-CV-323 (MKB), 2020 WL 9816016, at *2 n.4 (E.D.N.Y. Nov. 30, 2020) ("In addition, courts routinely take judicial notice of guilty pleas in section 1983 cases at the motion to dismiss stage.") (collecting cases).

protection claim, however, leave to amend is granted to correct the deficiencies identified by the Court in this ruling.

I.  **BACKGROUND**

Plaintiff's complaint relates to Defendant Officer Begley's traffic stop and arrest of Plaintiff on September 9, 2022. Compl., ECF No. 1 at 1.[2] From that arrest, Defendant charged Plaintiff with a series of traffic violations[3] and with interfering with an officer under Conn. Gen. Stat. §§ 53a-167a. ECF No. 1 at 9.

Plaintiff's complaint contains the following allegations, which are taken as true for the purposes of Defendant's motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges that he was wrongly arrested for operating a motor vehicle without minimum insurance and registration and refusal to show his driver's license. ECF No. 1 at 3, 7–8. With respect to the charge of operating the vehicle without insurance and registration, Plaintiff suggests that Defendant should have known the car, which was registered to his mother, was in fact insured and registered because Plaintiff was later able to release the car from an impound lot, and he would not have been able to do so without proper registration and insurance. *Id.* at 7. As to the charge of failing to produce his driver's license, Plaintiff admits that he did not present his driver's license at the time of the arrest, claiming that it was in his business vehicle. *Id.* at 7–8. Plaintiff further alleges that Defendant and the police department have targeted people of Italian heritage "as being Mafia." *Id.* at 8. Specifically, Defendant Begley allegedly said to Plaintiff, "are you the Tony

---

[2] Plaintiff has attached as part of his complaint a civilian complaint report he filed with the Rocky Hill Police Department and the "Criminal Appearance Bond" charging him. ECF No. 1 at 6–9. The Court considers the report and charge document parts of the complaint because "the complaint 'relies heavily upon [their] terms and effect,' which renders the document[s] 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*)).
[3] Plaintiff was charged with violations of Conn. Gen. Stat. § 14-217 (failing to provide a license, registration, and insurance identification card upon request); § 14-213b (operating a vehicle without required minimum insurance coverage); § 14-243(a) (moving a vehicle without ensuring reasonable safety or lack of interference with traffic, or without signaling); and § 14-242 (turning without the appropriate signal).

Soprano of Rocky Hill?" *Id.*  Plaintiff further alleges the town of Rocky Hill had "seen racist cards around town." *Id.*

Upon reviewing the status of Plaintiff's criminal case, it appeared to the Court that Plaintiff's charges may have resolved through a guilty plea to a reckless driving offense.  Order, ECF No. 33.  Accordingly, the Court ordered additional briefing from the parties on this issue.  *Id.*  On May 9, 2024, Defendant responded with a brief and Connecticut Superior Court hearing transcript showing that, on September 21, 2023, Plaintiff pleaded guilty to reckless driving under Conn. Gen. Stat. § 14-222(z) stemming from the September 9, 2022, events.  ECF No. 34-1 at 4–5.  All of Plaintiff's other charges were nolled.  *Id.* at 4.  Plaintiff did not submit any additional briefing, despite being given the opportunity to do so.  *See* ECF No. 33.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in the plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins.*

3

*Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (cleaned up) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) and *Iqbal*, 556 U.S. at 679).

The Court is not "bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions,'" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *accord Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).

### III. DISCUSSION

While Plaintiff has not brought specific causes of action, the Court understands Plaintiff to bring claims under 42 U.S.C. § 1983 for malicious prosecution, false arrest, and equal protection based on national origin discrimination.

For the reasons that follow, the Court grants Defendant's motion to dismiss Plaintiff's complaint.[4]

---

[4] Because Plaintiff fails to state a claim under any cause of action, the Court need not address Defendant's argument that he is entitled to qualified immunity.

### A. Malicious Prosecution

The Court first finds that Plaintiff cannot to state a claim for malicious prosecution because Plaintiff has not adequately stated that Defendant Begley acted without probable cause, which is a necessary element of such a claim.

To survive a motion to dismiss on a claim for malicious prosecution, a plaintiff must allege "a violation of his rights under the Fourth Amendment" and also "the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Under Connecticut law, a plaintiff must allege: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017) (quoting *Brooks v. Sweeney*, 299 Conn. 196, 210–11 (2010)). "If a plaintiff is unable to prove any element, his claim, necessarily, fails." *Karwowski v. Fardy*, 118 Conn. App. 480, 487 (2009).

Relevant here, "[a]lthough want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding." *Bhatia v. Debek*, 287 Conn. 397, 410–11 (2008) (quoting *Zenik v. O'Brien*, 137 Conn. 592, 597 (1951)). "Ordinarily, in the absence of exculpatory facts which became known after an arrest, probable cause to arrest is a complete defense to a claim of malicious prosecution." *D'Angelo v. Kirschner*, 288 F. App'x 724, 726 (2d Cir. 2008) (summary order). However, "probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor." *Id.* at 726–27.

Plaintiff's claim that he was maliciously prosecuted for failing to present his driver's license to Defendant, *see* ECF No. 1 at 7–8, fails because the face of the complaint makes clear that Defendant Begley had probable cause to arrest Plaintiff for this offense. Under Conn. Gen. Stat. § 14-217, "no person who is operating any motor vehicle, when requested by any officer in uniform, may refuse, on demand of such officer, to produce his operator's license and any automobile insurance identification card." (cleaned up). While Plaintiff has not expressly alleged that Defendant requested Plaintiff's driver's license, the Court reasonably infers from the complaint that Plaintiff failed to produce the license when asked. Plaintiff admits he did not produce his driver's license because it was in his business vehicle and not on his person at the time of his arrest. ECF No. 1 at 7–8. Plaintiff's admission that he did not have his license on his person at the time of his arrest provides a reasonable ground for bringing a § 14-217 charge. Although Plaintiff quibbles with the idea that he *refused* to provide his license in this scenario, Defendant had reasonable grounds for charging him with a violation of § 14-217 in these circumstances. Plaintiff has pointed to no post-arrest exculpatory facts. Accordingly, Defendant had probable cause to arrest Plaintiff for driving without a license, which is a complete defense to a malicious prosecution claim based on this charge.

As for Plaintiff's charge under § 14-213b for driving without insurance, Defendant also acted with probable cause. From the allegations of the complaint, the Court gleans that Plaintiff failed to present proof of insurance to Defendant. ECF No. 1 at 7–8. Plaintiff relies on the inference that because he later secured the release of his mother's car from the tow company—which he allegedly could not have done without presenting proof of insurance—there must have been insurance coverage on the car at the time of arrest, even if he did not have proof on his person at the time of the traffic stop. *Id.* However, Plaintiff's later release of the car does not establish

6

that Defendant lacked probable cause to arrest him for driving without insurance. As the statute indicates, "[f]ailure of the operator to produce an insurance identification card as required by section 14-217 shall constitute prima facie evidence" that the operator has not maintained insurance. Thus, at the time that Defendant arrested Plaintiff, Defendant had *prima facie* evidence that Plaintiff was driving without proper insurance. In response to Defendant's motion to dismiss, Plaintiff has produced evidence that he did in fact have active coverage on September 9, 2022. ECF No. 24 at 6 (letter from Progressive Insurance). Even if the Court were to consider this evidence, which goes beyond the four corners of Plaintiff's complaint, this exculpatory evidence does not alter the Court's finding that Defendant reasonably instituted this criminal charge against Plaintiff based on *prima facie* evidence of Plaintiff's guilt—specifically that Plaintiff could not produce proof of insurance at the time of the stop. Probable cause for the arrest on this charge is therefore a complete defense to a claim of malicious prosecution.

The Court notes that, while Plaintiff did not include any allegations regarding his reckless driving charge under § 14-222(z) in his complaint—because it appears reckless driving was not charged on September 9, 2022—his opposition to Defendant's motion to dismiss suggests he is challenging his prosecution for that charge as well. *See* ECF Nos. 23, 24. It is well-established that a plaintiff cannot amend his complaint by asserting new facts or theories through his opposition to a motion to dismiss. *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (collecting cases). Nonetheless, the Court addresses this issue in the interest of completeness.

Plaintiff alleges that a prosecutor offered him the option to plead guilty to a speeding charge in April of 2023, despite that he was not issued a citation for speeding. ECF No. 1 at 3. While there are no allegations about who initiated the reckless driving charge to which Plaintiff ultimately

pleaded guilty, it appears clear that *Defendant* did not initiate that charge. Rather, after Defendant initially charged Plaintiff with various offenses, a prosecutor or prosecutors appear to have taken over the charging decisions; one such prosecutor, according to the complaint, "made up" a speeding charge to induce Plaintiff to plead guilty. ECF No. 1 at 3. The Court therefore questions whether a malicious prosecution claim could properly be brought against Defendant with respect to the reckless driving claim, as Defendant is not alleged to have initiated the charge.

Even assuming Plaintiff could properly allege a malicious prosecution claim against an officer who did not initiate a particular charge, such a claim would fail here because the charge did not terminate in Plaintiff's favor—another required element of a malicious prosecution claim. *See Spak*, 857 F.3d at 461 n.1. During Plaintiff's guilty plea hearing, Plaintiff admitted to committing the offense of reckless driving. ECF No. 34 at 4–5. Accordingly, Plaintiff cannot sustain a malicious prosecution claim based on this charge because, by admitting guilt, Plaintiff has effectively conceded that whoever initiated the charge acted with probable cause. *See Conquistador v. City of New Britain*, No. 3:16-cv-839 (MPS), 2019 WL 79425, at *5 (D. Conn. Jan. 2, 2019) (explaining that a "guilty plea independently and conclusively shows probable cause"). While Plaintiff has alleged that he was inappropriately induced to plead guilty, his remedy would be to challenge his guilty plea in a direct appeal, not through a civil malicious prosecution claim.

Because Plaintiff cannot establish that his criminal charges were initiated without probable cause, Plaintiff cannot bring a malicious prosecution claim against Defendant.

    B. <u>False Arrest</u>

Plaintiff also cannot bring a claim for false arrest against Defendant, because Defendant had probable cause to arrest him.

"In order to establish a [Section] 1983 false arrest claim based on the Fourth Amendment right to be free from unreasonable seizures, a plaintiff must show: (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause." *Hernandez v. Holden*, No. 3:21-CV-1505 (SALM), 2021 WL 5325905, at *1–2 (D. Conn. Nov. 16, 2021). "An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (Sotomayor, J.) (*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Under both Connecticut law and Section 1983, a plaintiff must establish that the prosecution terminated in his or her favor to state a claim of false arrest/false imprisonment." *Charles v. Johnson*, No. 3:13-CV-218 (MPS), 2015 WL 4509405, at *3 (D. Conn. July 24, 2015).

As the Court has already explained, Defendant had probable cause to arrest Plaintiff and initiate criminal proceedings against him for the charges of failing to present his driver's license and registration and driving without insurance coverage. Because Plaintiff cannot establish that his arrest on these charges was made without probable cause, Plaintiff's false arrest claim fails.

### C. Equal Protection

Finally, Plaintiff has not stated a claim under the Fourteenth Amendment's equal protection clause.

The Fourteenth Amendment of the United States Constitution prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'" *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 337 (2d Cir.

9

2000) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). There are two types of equal protection claims relevant to Plaintiff's pleadings: intentional discrimination and selective enforcement. *See Dixon v. City of Syracuse*, 493 F. Supp. 3d 30, 41–42 (N.D.N.Y. 2020).

### 1. *Intentional Discrimination*

There are three variants of an intentional discrimination claim: "(1) a law or policy 'expressly classifies persons on the basis of [a protected characteristic]'; (2) a facially neutral law or policy has been applied with intent to discriminate; or (3) a 'facially neutral statute or policy has an adverse effect' which was motivated by 'discriminatory animus.'" *Dixon*, 493 F. Supp. 3d at 42 (quoting *Brown*, 221 F.3d at 337 (collecting cases)).

Plaintiff cannot state an intentional discrimination claim under any of these theories. First, the charges brought against Plaintiff do not expressly classify on the basis of a protected characteristic; they are all simple, facially-neutral traffic laws. *See* Conn. Gen. Stat. § 14-213b; Conn. Gen. Stat. § 14-217; Conn. Gen. Stat. § 14-222. Second, Plaintiff has provided no allegations that these laws have an adverse effect on people of Italian national origin. While Plaintiff has made vague allusions to "racist cards" around Rocky Hill and that the police department may target Italian people, Plaintiff has not provided allegations with any amount specificity as to adverse effect. Finally, Plaintiff has not provided allegations that Defendant intended to discriminate against Plaintiff. While Plaintiff states that Defendant made a comment about Plaintiff's Italian heritage, this alleged comment came *after* Plaintiff was pulled over. Even taking as true that Defendant made the comment, the comment appears unrelated to the reason Plaintiff was pulled over, arrested, and prosecuted. The complaint contains no allegations that

10

Plaintiff's Italian heritage played any role whatsoever in his arrest or subsequent guilty plea for reckless driving.

Thus, Plaintiff cannot state an intentional discrimination theory in support of an equal protection claim.

### 2. *Selective Enforcement*

Under a selective enforcement equal protection claim, "a plaintiff may show that he was (1) selectively treated as compared with others similarly situated and (2) that such selective treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Towns v. Stannard*, 431 F. Supp. 3d 44, 65–66 (N.D.N.Y. 2019) (quoting *Latrieste Rest. & Cabaret Inc. v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)).

As Defendant points out, ECF No. 16-1 at 14–15, Plaintiff has included no allegations that could support an equal protection claim under the selective enforcement method. Plaintiff has provided no comparators with which the Court could determine that Plaintiff was treated differently as compared to others similarly situated. *See Kuiken v. Cnty. of Hamilton*, 669 F. Supp. 3d 119, 126–27 (N.D.N.Y. 2023) (describing requirements for selective enforcement claim). While Plaintiff need not describe an "identical" comparator, *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)), Plaintiff must plead enough to show "that '[he] was similarly situated in all material respects to the individual[] with whom [he] seeks to compare [himself],'" *Hu v. City of N.Y.*, 927 F.3d 81, 96 (2d Cir. 2019) (quoting *Graham*, 230 F.3d at 39)). By providing no comparison whatsoever, Plaintiff's allegations are wholly deficient.

Thus, Plaintiff fails to state a claim for relief under the equal protection clause.

## IV. CONCLUSION

For the reasons described herein, Defendant's motion to dismiss is GRANTED.

The Court dismisses Plaintiff's claims for malicious prosecution and false arrest based on the charges of refusing to provide his driver's license and registration and driving without insurance coverage. As it is clear from the complaint that Defendant acted with probable cause, Plaintiff cannot allege a necessary element of these claims; leave to amend such claims would therefore be futile and will not be granted. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (recognizing that although *pro se* litigants should ordinarily be given leave to replead, leave can be denied if "the problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it").

As to Plaintiff's equal protection claim, however, the Court cannot conclude that leave to replead will be futile. Therefore, Plaintiff is granted leave to amend this claim. Any amended complaint must be filed by **July 8, 2024**.

Given Plaintiff's failure to respond to the Court's order concerning additional briefing, if Plaintiff fails to file an amended complaint, this action will be dismissed with prejudice.

**SO ORDERED** at Hartford, Connecticut, this 17 day of June, 2024.

                                              /s/ Sarala V. Nagala
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE